*EXHIBIT "A"*

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 2 of 51 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

SARAH TIBES and RAOUL TIBES,                      Index:

                     **Plaintiff,**

        -against-                             **SUMMONS**

HANSEATIC MOVING SERVICES, LLC,

                    **Defendant.**      **Basis of Venue:**
                                                  *Plaintiff's Residence*

-------------------------------------------------------------------X

**To the above named Defendant:**

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Plaintiff's residence:     2 N 6th Street, Brooklyn, NY 11249

Dated:   New York, New York
          October 2, 2020

                                      Yours, etc.

                                        **HACH & ROSE, LLP**
                                        *Attorneys for Plaintiffs*
                                        112 Madison Avenue, 10th Floor
                                        New York, NY 10016
                                        T. 212.779.0057
                                        F. 212.779-0028

                                      **By:**
                                        _____
                                        Natasha Berg

                                 2

FILED: KINGS COUNTY CLERK 10/05/2020 04:32 PM          INDEX NO. 518914/2020

NYSCEF DOC. NO. 1     Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 3 of 51 PageID #: 12     RECEIVED NYSCEF: 10/05/2020

To:

**HANSEATIC MOVING SERVICES LLC**
95 River Street, Suite 206
Hoboken, NJ 07030

**3**

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 4 of 51 PageID #: 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X

SARAH TIBES and RAOUL TIBES,                           Index No.

                          Plaintiff,

        -against-                                      **VERIFIED COMPLAINT**

HANSEATIC MOVING SERVICES, LLC,

                          Defendant,

------------------------------------------------------------------X

        Plaintiff, by his attorneys, HACH & ROSE, LLP, complaining of the defendant herein,

respectfully shows to this Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF
### ACTION ON BEHALF OF PLAINTIFF(s)

1.  That at all times mentioned herein, and on October 31, 2017, the defendant,

HANSEATIC MOVING SERVICES, LLC, is and was a foreign business entity, duly

authorized to do business in the State of New York;

2.  That at all times mentioned herein, and on October 31, 2017, the defendant,

HANSEATIC MOVING SERVICES, LLC, is was and has been a domestic corporation duly

organized and existing under and by virtue of the laws of the State of New York;

3.  That at all times mentioned herein, and on, October 31, 2017, the defendant,

HANSEATIC MOVING SERVICES, LLC, is, was and has been a domestic partnership

and/or other domestic business entity doing business in the State of New York;

4.  That at all times mentioned herein, and on, October 31, 2017, the defendant,

4

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 5 of 51 PageID #: 14

HANSEATIC MOVING SERVICES, LLC, transacted business within the State of New York; regularly did or solicited business within the State of New York or engaged in other persistent courses of conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce;

5. That at all times mentioned herein, and on October 31, 2017, the defendant, HANSEATIC MOVING SERVICES, LLC, was the owner of the land and structures located at 2 N 6th Street, Brooklyn, NY 11249;

6. That at all times mentioned herein, and on, October 31, 2017, the defendant, HANSEATIC MOVING SERVICES, LLC, was the managing agent of the land and structures located at 2 N 6th Street, Brooklyn, NY 11249;

7. That at all times mentioned herein, and on, October 31, 2017, the defendant, HANSEATIC MOVING SERVICES, LLC, was the lessee of the land and structures located at 2 N 6th Street, Brooklyn, NY 11249 ;

8. That at all times mentioned herein, and on, October 31, 2017, the defendant, HANSEATIC MOVING SERVICES, LLC, was the lessor of the land and structures located at 2 N 6th Street, Brooklyn, NY 11249;

9. That at all times mentioned herein, and on, October 31, 2017, the defendant, HANSEATIC MOVING SERVICES, LLC, operated the premises located at 2 N 6th Street, Brooklyn, NY 11249;

10. That at all times mentioned herein, and on, October 31, 2017 the defendant, HANSEATIC MOVING SERVICES, LLC, controlled the premises located at 2 N 6th Street,

5

Brooklyn, NY 11249;

11. That at all times mentioned herein, and on, October 31, 2017, the defendant,

HANSEATIC MOVING SERVICES, LLC, maintained the premises located at 2 N 6th Street,

Brooklyn, NY 11249;

12. That at all times mentioned herein, and on, October 31, 2017, the defendant,

HANSEATIC MOVING SERVICES, LLC, possessed and/or occupied the premises located

at 2 N 6th Street, Brooklyn, NY 11249;

13. That on October 31, 2017, SARAH TIBES, was lawfully present at 2 N 6th Street,

Brooklyn, NY 11249;

14. That on or about, October 31, 2017 while present at 2 N 6th Street, Brooklyn, NY 11249,

plaintiff was seriously injured when she slipped and fell;

15. That the above occurrence was caused solely by and through the negligence of the

defendants, their agents servants and/or employees, herein, without any negligence on the

part of the plaintiff contributing thereto;

16. That the defendants, and/or each of them had both actual and constructive notice of the

dangerous and defective conditions and practices complained of herein;

17. That the defendant created the defective and dangerous condition;

18. Plaintiff asserts an exemption from the abolition of joint and several liability pursuant to

Article 16 of the C.P.L.R.;

19. That the defendants, and/or each of them, and/or their agents, servants, associates and/or

employees were negligent, careless and reckless, in that they:

        A) Negligently, carelessly and recklessly, failed and omitted to

            properly, shore, equip, guard, arrange, operate and conduct their

6

activities at the aforementioned premises, so as to provide
reasonable and adequate protection and safety to the persons
therein, and more particularly to the plaintiff herein;

B) Failed and omitted to provide the plaintiff with a safe place to
walk;

C) Failed and omitted to insure that the areas plaintiff was walking
in at the aforementioned location was kept free of hazardous
conditions;

D) Failed and omitted to properly train & inspect their employees at
the aforementioned premises;

E) Failed and omitted to properly and adequately coordinate the
activities of their employees with patrons and more particularly
the plaintiff;

F) Failed and omitted to construct and/or install barricades and/or
other warnings so as to apprise patrons, and more particularly the
plaintiff herein, of the dangerous conditions existing thereat;

G) Failed and omitted to properly secure the public areas so that
plaintiff could walk in safety;

H) Failed to properly maintain and repair the walkways at the
aforesaid location;

I) Negligently and improperly allowing the walkways of the
aforesaid location to become and remain dangerous, dilapidated,
broken, raised, depressed, cracked and uneven, thereby creating

7

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 8 of 51 PageID #: 17

a dangerous, hazardous and trap-like condition;

J) The defendant failed to use reasonable care in the performance of their duties;

K) The defendant launched a force or instrument of harm;

L) The defendant launched an instrument of harm that was a cause of the plaintiff's subject incident;

M) The plaintiff herein detrimentally relied on the continued performance of the defendants/contracting parties duties;

N) The defendant/contracting party entirely displaced the duty of others, including but not limited to the premises owner and/or management complaint to maintain the subject premises safely;

20.    That as a result of the negligence of the defendant, plaintiff, SARAH TIBES, became, still is and for a long time to come, will be sick, sore, lame, bruised, injured, disabled and wounded in and about the various parts of her head, limbs, body, blood vessels and surrounding tissues, and has suffered severe and extreme mental shock, anguish and psychic injuries, and that plaintiff was otherwise injured, and upon information and belief, said injuries are permanent. That by reason of the foregoing, the plaintiff was obligated to and did necessarily employ medical aid, hospital services, medicinals and medical supplies in an attempt to cure the aforesaid injuries, and has been prevented from his/her usual duties and will be so prevented for a long time to come;

21.    That by reason of the foregoing, the plaintiff, SARAH TIBES, has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York;

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF(s)

8

INDEX NO. 518914/2020

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 9 of 51 PageID #: 18

34. That the Plaintiff(s), repeats, reiterates and realleges each and every allegation of the complaint in paragraphs numbered "1" through "21", with the same force and effect as though each and every allegation were set forth more fully herein at length below;

35. That at all times hereinafter mentioned, Plaintiff, RAOUL TIBES was the lawful spouse of the Plaintiff, SARAH TIBES and as such said Plaintiff, RAOUL TIBES was entitled to the society, services and consortium of the said Plaintiff, SARAH TIBES ;

36. By reason of the afore-described negligence of the Defendants, their agents, servants and/or employees, the Plaintiff, RAOUL TIBES was deprived of the aforesaid society, services and consortium of the Plaintiff, SARAH TIBES and shall forever be deprived of said society, services and consortium;

37. That by reason of the foregoing negligence on the part of the Defendants, the Plaintiff, RAOUL TIBES has been damaged in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, together with the costs and disbursements of this action.

WHEREFORE, the plaintiffs, SARAH TIBES and RAOUL TIBES, demands judgment against the defendant, HANSEATIC MOVING SERVICES, LLC, in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the First Cause of Action, together with interest, costs and disbursements of this action.

WHEREFORE, the plaintiffs, SARAH TIBES and RAOUL TIBES, demands judgment against the defendant, HANSEATIC MOVING SERVICES, LLC, in an amount exceeding the jurisdictional limits of all lower courts of the State of New York, on the Second Cause of Action, together with interest, costs and disbursements of this action

9

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 10 of 51 PageID #: 19

Dated:    New York, New York
          October 2, 2020

Yours, etc.,

Natasha Berg
HACH & ROSE, LLP
*Attorney for Plaintiff*
**SARAH TIBES**
112 Madison Avenue, 10th Floor
New York, New York 10016
T.212.779.0057
F.212.779.0028

10

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 11 of 51 PageID #: 20

INDEX NO. 518914/2020
RECEIVED NYSCEF: 10/05/2020

STATE OF NEW YORK   }
                       } ss.
COUNTY OF NEW YORK }

Natasha Berg, being duly sworn, deposes and says:

That deponent is a member with HACH & ROSE, L.L.P., attorneys for Plaintiffs, in the within action; that the deponent has read the foregoing **SUMMONS AND COMPLAINT** and knows the contents thereof; that the same is true to deponents knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true and the reasons that this verification is not made by the Plaintiffs and is made by deponent is that Plaintiffs does/do not reside in the county where the attorney for the Plaintiffs have their office.

Deponent further says that the source of deponent's information and the grounds of deponent's beliefs as to all matters not stated upon deponent's knowledge are from investigation made on behalf of Plaintiffs.

DATED: New York, New York
          October 2, 2020

_____
Natasha Berg
HACH & ROSE, LLP
112 Madison Avenue, 10th Floor
New York, NY 10016
(212) 779-0057

11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
SARAH TIBES and RAOUL TIBES,

                                          Index No.

                         Plaintiff,

    -against-

HANSEATIC MOVING SERVICES, LLC,

                         Defendant.
------------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

       PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

       The New York State Courts Electronic: Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

       Exemptions from mandatory e-filing are limited to: I) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@couns.state.ny.us.

Dated:   New York, New York

Natasha Berg
HACH & ROSE, LLP
*Attorney for Plaintiff*
112 Madison Avenue, 10th Floor
New York, New York 10016
T.212.779.0057 | F.212.779.0028

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------X

SARAH TIBUS and RAOUL TIBUS,

Index No.

Plaintiff,

-against-

HANSPATIC MOVING SERVICES, LLC,

Defendant.

-----------------------------------------------------------------X

NOTICE OF COMMENCEMENT OF ACTION
SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been
commenced by filing of the accompanying documents with the County Clerk, is subject to
mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial
Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for
the electronic filing of documents with the County Clerk and the court and for the electronic
service of those documents, court documents, and court notices upon counsel and self-
represented parties. Counsel and/or parties who do not notify the court of a claimed
exemption (see below) as required by Section 202.5-bb(e) must immediately record their
representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so
may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in
good faith that they lack the computer equipment and/or (along with all appropriate) requisite
knowledge to comply; and 2) self-represented parties who choose not to participate in e-
filing. For additional information about electronic filing, including access to Section 202.5-
bb, consult the NYSCEF website at www.nycourts.gov/efile or the contact the NYSCEF
Resource Center at 646-386-3033 or efile@nycourts.gov.

Dated:     New York, New York

Natasha Borg
BACH & ROSE, LLP
Attorney for Plaintiff
112 Madison Avenue, 10th Floor
New York, New York 10016
T.212.779.0057 | F.212.779.0038

*EXHIBIT "B"*

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 15 of 51 PageID #: 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------x

SARAH TIBES and RAOUL TIBES,

                               Plaintiffs,

            - against -

HANSEATIC MOVING SERVICES, LLC,

                               Defendant.

-------------------------------------------------------------------x

Index No.: 518914/2020

**VERIFIED ANSWER TO
VERIFIED COMPLAINT**

Defendant HANSEATIC MOVING SERVICES, LLC, by and through its attorneys, GALLO VITUCCI KLAR LLP, answering the Verified Complaint[1] of Plaintiffs, respectfully states and alleges upon information and belief as follows:

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF(S)

1.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "3" and "13" of the Verified Complaint.

2.      Denies each and every allegation contained in paragraphs "2", "5", "6", "7", "8", "9", "10", "11", "12", "14", "15", "17", "19 A-N", "20" and "21" of the Verified Complaint.

3.      Denies each and every allegation contained in paragraphs "4", "16" and "18" of the Verified Complaint, and respectfully refers all questions of law to the Honorable Court at the time of trial of this matter.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF(S)

4.      In response to Paragraph "34" of the Verified Complaint, Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "21" of the Verified Complaint.

---

[1] Paragraphs "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32" and "33" are omitted from Plaintiffs' Verified Complaint.

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 16 of 51 PageID #: 25

5.      Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the Verified Complaint.

6.      Denies each and every allegation contained in paragraphs "36" and "37" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.      That by entering into the activity in which the Plaintiffs was engaged at the time of the occurrence set forth in the Verified Complaint, said Plaintiffs knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the Plaintiffs herein as alleged in the Verified Complaint arose from and were caused by reason of such risks voluntarily undertaken by the Plaintiffs in their activities and such risks were assumed and accepted by them in performing and engaging in said activities.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8.      Pursuant to CPLR 4545, if it be determined or established that Plaintiffs have received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security ACT), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the Plaintiffs), then and in that event answering Defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the Plaintiffs for such benefits for the two year period immediately preceding the accrual of this action and minus an amount

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 17 of 51 PageID #: 26
INDEX NO. 518914/2020
RECEIVED NYSCEF: 10/20/2020

equal to the projected future cost to the Plaintiffs of maintaining such benefits and as otherwise provided in CPLR 4545.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

9.      This action may not be maintained because of Plaintiffs' failure to join all necessary parties in this action, and in the absence of person(s) who should be a party this action cannot proceed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

10.      That the action against the answering Defendant cannot be prosecuted due to the Plaintiffs' failure to name and likewise prosecute an indispensable party to this litigation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

11.      The injuries and damages alleged, all of which are denied by the answering Defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12.      Plaintiff was the sole and proximate cause of the accident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13.      Any alleged defective condition was open and obvious and therefore should have been avoided by Plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14.      That if the Plaintiffs sustained injuries of in the manner alleged, said injuries were caused by the negligence of parties over whom this answering Defendant was not obligated to exercise supervision or control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. Any injuries and damages the Plaintiffs may have sustained at the time and place mentioned in the Verified Complaint and as a result of the occurrence alleged in the Verified Complaint, all of which are denied by the Defendant, were caused in whole or in part by the culpable conduct of the Plaintiffs and thus the amount of damages recovered, if any, shall therefore be diminished in the proportion which the culpable conduct, attributable to the Plaintiffs.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. If and in the event answering Defendant is found to be liable to the Plaintiff, answer defendants' liability is limited by the provision of Article 16 of the CPLR.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. The Verified Complaint fails to state any cause of action upon which relief may be granted.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. Plaintiffs have failed to mitigate any alleged damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. Plaintiffs have suffered no damages attributable to actionable conduct by Defendant, their employees, agents or representatives.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. Plaintiffs' claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21. Any injury allegedly sustained by Plaintiffs resulted from Plaintiffs' own culpable or negligent conduct, or that of third parties, and was not proximately caused by any act or omission of Defendants, their employees, agents or representatives.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22.     Defendants demand that this case be transferred to New York County pursuant to

CPLR §§ 503, 510 and 511 as venue in King County is improper.

**WHEREFORE**, Defendant HANSEATIC MOVING SERVICES, LLC, demands

judgment dismissing the Verified Complaint, together with attorneys' fees, costs and

disbursements of this action.

Dated:  New York, New York
        October 20, 2020

Yours etc.,

GALLO VITUCCI KLAR LLP

_____

By:     Bryan T. Schwartz, Esq.
*Attorneys for Defendant*
*Hanseatic Moving Services, LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
File No.: PIC.2020008
Email: bschwartz@gvlaw.com

TO:

HACH & ROSE, LLP
*Attorneys for Plaintiffs*
*Sarah Tibes and Raoul Tibes*
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 779-0057

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                           )    ss.:
COUNTY OF NEW YORK     )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member with the firm of GALLO VITUCCI KLAR LLP, attorneys for Defendant, HANSEATIC MOVING SERVICES, LLC.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of the undersigned, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by the undersigned and not by the Defendant are that said party's office is outside the county in which the undersigned maintains his office.

That the source of the undersigned's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said parties.

Dated: New York, New York
       October 20, 2020

_____
BRYAN T. SCHWARTZ

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 21 of 51 PageID #: 30

## **AFFIDAVIT OF SERVICE VIA NYSCEF**

Claudette Garraud, being duly sworn, deposes and says that she is not a party to the within action, is over the age of 18 years and resides in the County of Queens, and that on the on the 20th day of October, 2020 served the within **VERIFIED ANSWER TO VERIFIED COMPLAINT** upon all parties as appearing on the Supreme Court, State of New York Electronic Filing Website, at the e-mail addresses designated by said parties in this matter for that purpose.

_____

Claudette Garraud

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 22 of 51 PageID #: 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                    INDEX NO.: 518914/2020
_____

SARAH TIBES and RAOUL TIBES,

                           Plaintiffs,

       - against -

HANSEATIC MOVING SERVICES, LLC,

                           Defendant.
_____

## VERIFIED ANSWER TO VERIFIED COMPLAINT
_____

GALLO VITUCCI KLAR LLP
*Attorneys for Defendant*
*Hanseatic Moving Services, LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
File No.: PIC.2020008
Email: bschwartz@gvlaw.com

*EXHIBIT "C"*

WWW.GVLAW.COM

# GALLO VITUCCI KLAR
### LLP

Bryan T. Schwartz
Manhattan Office
bschwartz@gvlaw.com
646.998.1962

November 24, 2020

**VIA CERTIFIED MAIL**                    **TENDER LETTER- PLEASE FORWARD**
AG Moving Services, LLC                   **TO YOUR INSURANCE CARRIER**
54 Wedgedale Drive
Sterling, VA 20164

      Re:    Claimant:    Sarah and Raoul Tibes
              Insured:     Hanseatic Moving Services, LLC
              D/Loss:      10/31/17
              Our File No.:  PIC-2020-8

To Whom it May Concern:

    This law firm represents Hanseatic Moving Services, LLC ("Hanseatic") in the above-referenced suit filed by Sarah and Raoul Tibes. According to the plaintiff's complaint, it is alleged that on October 31, 2017 the plaintiff slipped and fell in her apartment located at 2 N 66 Street, in Brooklyn, New York 1124. Upon information and belief, employees from AG Moving Services were subcontracted to perform all moving services and provide the manual labor when moving the plaintiffs into the subject apartment. A copy of the complaints are collectively annexed hereto as Exhibit "A". Annexed hereto as Exhibit "B" is the Certificate of Liability Insurance.

    In light of the foregoing, we demand that AG Moving Services and their insurance carrier(s) defend, indemnify and provide additional insured coverage on a primary, non-contributory basis  Hanseatic with respect to the above-referenced claim.

    Please provide a response to this tender demand within twenty days from the date of this letter. Additionally, please provide us with copies of all applicable primary and excess policies of insurance, including additional insured endorsements and related certificates of insurance, that potentially provide AG Moving Services with insurance coverage for plaintiff's lawsuit. We would also recommend you forward this correspondence to any and all of your insurance carriers who may provide coverage for this claim.

Manhattan 90 Broad Street, 12th Floor, New York, NY 10004 • New Jersey 1 University Plaza, Suite 306, Hackensack, NJ 07601
Westchester One Bridge Street, Suite 140, Irvington, NY 10533 • Long Island 100 Crossways Park West, Suite 305, Woodbury, NY 11797

MAILING ADDRESS:  90 BROAD STREET, 12TH FLOOR, NEW YORK, NY 10004  •  212.683.7100

Should you refuse to accept this tender, we will commence a third party action and seek all available remedies including, but not limited to reimbursement of all attorney fees incurred to date.

The foregoing should not be considered a waiver or relinquishment of any potential grounds or rights that may be available to Hanseatic. Should you have any questions, please feel free to contact me at 646-431-3113 to discuss further.

Very truly yours,

Bryan T. Schwartz of
GALLO VITUCCI KLAR LLP

Enclosures:    Verified Complaint
               AG Moving Certificate of Insurance

Cc:    **VIA CERTIFIED MAIL**
       Leslie Corrigan
       10755-A Ambassador Drive
       Manassas, Virginia 20109

       HACH & ROSE, LLP
       Attorney for Plaintiff
       Sarah and Raoul Tibes
       112 Madison Avenue, 10th Floor
       New York, New York 10016
       212-779-0057



*EXHIBIT "D"*

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 27 of 51 PageID #: 36

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------x
SARAH TIBES and RAOUL TIBES,                            Index No.: 518914/2020

                        Plaintiffs,         **STATEMENT
                                                       PURSUANT TO RULE
       - against -                                 3402(B) OF THE CPLR**

HANSEATIC MOVING SERVICES, LLC,

                       Defendant.
--------------------------------------------------------------------x
HANSEATIC MOVING SERVICES, LLC

                     Third Party Plaintiff,

       - against -

AG MOVING SERVICES, LLC,

                     Third Party Defendant.
--------------------------------------------------------------------x

       PLEASE TAKE NOTICE, that in the above-entitled action, the defendant/third-party

plaintiff, HANSEATIC MOVING SERVICES, LLC, has impleaded the abovenamed Third-Party

Defendant, and that the caption to this action is now set forth above.

       A copy of this Statement has been served upon all parties who have appeared in this

action.

Dated: New York, New York
         January 29, 2021                    Yours etc.,

                                 GALLO VITUCCI KLAR LLP

                               _____
                               By:   Bryan T. Schwartz, Esq.
                               *Attorneys for Defendant/Third-Party Plaintiff*
                               *Hanseatic Moving Services, LLC*
                               90 Broad Street, 12th Floor
                               New York, New York 10004
                               (212) 683-7100
                               File No.: PIC.2020008
                               Email: bschwartz@gvlaw.com

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 28 of 51 PageID #: 37

TO:

      HACH & ROSE, LLP
      *Attorneys for Plaintiffs*
      *Sarah Tibes and Raoul Tibes*
      112 Madison Avenue, 10th Floor
      New York, New York 10016
      (212) 779-0057

      AG Moving Services, LLC
      *Third-Party Defendant*
      54 Wedgedale Drive
      Sterling, VA 20164

Case 1:21-cv-03293-RPK-TAM  Document 1-2  Filed 06/11/21  Page 29 of 51 PageID #: 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------x
SARAH TIBES and RAOUL TIBES,                         Index No.: 518914/2020

                 Plaintiffs,                      **THIRD-PARTY SUMMONS**

        - against -

HANSEATIC MOVING SERVICES, LLC,

                 Defendant.
--------------------------------------------------------------------x
HANSEATIC MOVING SERVICES, LLC

                 Third Party Plaintiff,

        - against -

AG MOVING SERVICES, LLC,

                 Third Party Defendant.
--------------------------------------------------------------------x

**TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT**:

       YOU ARE HEREBY SUMMONED to answer the third-party complaint in this action and to serve a copy of your answer upon the Defendant/Third-Party Plaintiff, HANSEATIC MOVING SERVICES, LLC, within twenty (20) days after service upon you of the third-party summons and complaint (or within 30 days after the service is complete if this third-party summons is not personally delivered to you within the State of New York). In the event you fail to answer the Third-Party Plaintiff's Complaint, judgment will be taken against you by default for the relief demanded in the third-party complaint.

Dated: New York, New York
       January 29, 2021

INDEX NO. 518914/2020
RECEIVED NYSCEF: 01/29/2021

Case 1:21-cv-03293-RPK-TAM  Document 1-2  Filed 06/11/21  Page 30 of 51 PageID #: 39

Yours etc.,

GALLO VITUCCI KLAR LLP

By:    Bryan T. Schwartz, Esq.
*Attorneys for Defendant/Third-Party Plaintiff*
*Hanseatic Moving Services, LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
File No.: PIC.2020008
Email: bschwartz@gvlaw.com

TO:

HACH & ROSE, LLP
*Attorneys for Plaintiffs*
*Sarah Tibes and Raoul Tibes*
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 779-0057

AG Moving Services, LLC
*Third-Party Defendant*
54 Wedgedale Drive
Sterling, VA 20164

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 31 of 51 PageID #: 40

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x

SARAH TIBES and RAOUL TIBES,                    Index No.: 518914/2020

                        Plaintiffs,             **VERIFIED**
                                                **THIRD-PARTY COMPLAINT**

        - against -

HANSEATIC MOVING SERVICES, LLC,

                        Defendant.
-------------------------------------------------------------------x
HANSEATIC MOVING SERVICES, LLC

                        Third Party Plaintiff,

        - against -

AG MOVING SERVICES, LLC,

                        Third Party Defendant.
-------------------------------------------------------------------x

Defendant/Third-Party Plaintiff, HANSEATIC MOVING SERVICES, LLC, by its

attorneys, GALLO VITUCCI KLAR LLP respectfully alleges upon information and belief as

follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.      That at all times hereinafter mentioned Defendant/third-party plaintiff

HANSEATIC MOVING SERVICES, LLC ("Hanseatic") was and still is a Limited Liability

Company duly organized under the laws of the State of New Jersey.

2.      That at all times hereinafter mentioned Defendant/third-party plaintiff Hanseatic is

authorized to do business in the State of New York.

3.      That plaintiffs SARAH and RAOUL TIBES commenced an action against

Defendant/Third- Party Plaintiff by filing a Summons and Verified Complaint, filed October 5,

2020. A copy of Plaintiffs' Summons and Verified Complaint is attached as **Exhibit A**, the

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 32 of 51 PageID #: 41

allegations of which are incorporated herein as if the same were more fully set forth herein at length, without conceding the truth or veracity of any allegations contained therein.

4.        That Defendant/Third-Party Plaintiff, Hanseatic joined issue by service of its Verified Answer to plaintiffs' Complaint denying all material allegations on October 20, 2020. A copy of the aforementioned answer is attached as **Exhibit B.**

5.        That Plaintiff Sarah Tibes alleges that she sustained injuries when she slipped and fell while being moved into her apartment located at 2 North 6th Street in Brooklyn, New York on October 31, 2017. That Plaintiff Raoul Tibes alleges loss of services and consortium.

6.        The Third-Party Defendant, AG MOVING SERVICES, LLC was and still is a Virginia Limited Liability Company duly licensed and authorized to do business in the State of New York.

7.        The Third-Party Defendant, AG MOVING SERVICES, LLC was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York.

8.        At all times herein mentioned, Third-Party Defendant, AG MOVING SERVICES, LLC, transacted business within the State of New York.

9.        At all times herein mentioned, Third-Party Defendant, AG MOVING SERVICES, LLC, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

10.        At all times herein mentioned, Third-Party Defendant, AG MOVING SERVICES, LLC, expected or should reasonably have expected its acts to have consequences in the State of New York.

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 33 of 51 PageID #: 42

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT AG MOVING SERVICES, LLC, THIRD-PARTY PLAINTIFF RESPECTFULLY SHOWS TO THIS COURT AND ALLEGES AS FOLLOWS**

11.     Defendant/Third-Party Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs "1" through "10" of this Third-Party Complaint.

12.     That prior to October 31, 2017, and upon information and belief, Third-Party Defendant, AG MOVING SERVICES, LLC, entered into an agreement to perform certain moving and manual labor services for third-party plaintiff, including the moving services for the plaintiffs herein.

13.     By reason of the foregoing, the Third-Party Defendant is or will be liable to the Third-Party Plaintiff and bound to indemnify them in the event of a recovery against the Defendant by Plaintiffs, together with costs, disbursements and attorney's fees.

14.     That by reason of the foregoing, should any judgment be recovered against the Defendant/Third-Party Plaintiff, pursuant to the aforementioned agreement of indemnity, Defendant/Third-Party Plaintiff is entitled to judgment over and against Third-Party Defendant, AG MOVING SERVICES, LLC, for the full amount thereof plus, costs, disbursements and counsel fees against the Third-Party Defendant.

15.     That in view of the foregoing, Third-Party Defendant, AG MOVING SERVICES, LLC  is obligated to indemnify and hold harmless Defendant/Third-Party Plaintiff, for all defense and indemnity expenses incurred as arising from, or relating to the defense of the case at bar, and for any payment, settlement or verdict or judgment entered in connection therewith of its work, including, but not limited to, any claim or damages related to or arising from Third-Party Defendant's performance of its work.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD PARTY DEFENDANT, AG MOVING SERVICES, LLC, THIRD PARTY PLAINTIFF RESPECTFULLY SHOWS TO THIS COURT AND ALLEGES AS FOLLOWS**

16.     Defendant/Third-Party Plaintiff hereby repeats and realleges each and every allegation contained in paragraphs "1" through "15" of this Third-Party Complaint.

17.     That the alleged dangerous conditions complained of in the Complaint (**Exhibit A**) were caused and/or created and/or allowed and/or permitted by the Third-Party Defendant, its subcontractors, agents, servants and/or employees.

18.     That if the Defendant/Third-Party Plaintiff is held liable to the Plaintiffs herein, such liability arises out of the active, affirmative, negligent and careless act or conduct and/or statutory violations of the Third-Party Defendant, its agents, subcontractors, servants and/or employees.

19.     That if the allegations as set forth in the Plaintiffs' Complaint are true and the Defendant/Third-Party Plaintiff is adjudged negligent by reason of the facts, or operation of law or otherwise, then the greater and/or sole responsibility for the injuries and damages sustained by the Plaintiffs will be that of the Third-Party Defendant.

20.     That by reason of the foregoing, the Defendant/Third-Party Plaintiff demands that the Court on the trial hereof apportion the responsibility in negligence, if any, between the parties.

21.     That in the event that the Defendant/Third-Party Plaintiff is held liable to the Plaintiffs herein, then the Defendant/Third-Party Plaintiff demands judgment against the Third-Party Defendant for such amounts as it may be required to pay Plaintiffs over and above its proportionate share as may be determined by the apportionment of responsibility as adjudged herein.

Case 1:21-cv-03293-RPK-TAM  Document 1-2  Filed 06/11/21  Page 35 of 51 PageID #: 44

22.     By reason of the foregoing, Third-Party Defendant is liable over to the Defendant/Third- Party Plaintiff in common law indemnification or contribution for all or a part of Defendant/Third-Party Plaintiff's proportionate share of any judgment that the Plaintiffs may recover from the Defendant/Third-Party Plaintiff, including costs, disbursement, and attorney's fees.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT, AG MOVING SERVICES, LLC, THIRD-PARTY PLAINTIFF RESPECTFULLY SHOWS TO THIS COURT AND ALLEGES AS FOLLOWS**

23.      Defendant/Third-Party Plaintiff repeats, reiterates and realleges each and every allegation of the paragraphs numbered "1" through "22" of this Third-Party Complaint.

24.     Pursuant to the Agreement between the Third-Party Defendant and Defendant/Third-Party Plaintiff, Third-Party Defendant agreed to provide Commercial General Liability Insurance of not less than of $1,000,000.00 per occurrence.

25.     That the Agreement between the Defendant/Third-Party Plaintiff and Third-Party Defendant, AG MOVING SERVICES, LLC obligates Third-Party Defendant to procure a policy of Commercial General Liability Insurance naming the Defendant/Third-Party Plaintiff as additional insured and/or party insured.

26.     That Third-Party Defendant had a duty to and to procure and/or properly procure and maintain a policy of General Liability Insurance for the benefit of the Defendant/Third- Party Plaintiff.

27.     That Third-Party Defendant had a duty to and failed to name Defendant/Third-Party Plaintiff as an additional insured under its policy of Commercial General Liability Insurance.

28.     That Defendant/Third-Party Plaintiff has demanded that Third-Party Defendant defend Defendant/Third-Party Plaintiff in the first action, as required by the Agreement and Third-Party Defendant has failed and refused to defend Defendant/Third-Party Plaintiff.

INDEX NO. 518914/2020
RECEIVED NYSCEF: 01/29/2021

Case 1:21-cv-03293-RPK-TAM  Document 1-2  Filed 06/11/21  Page 36 of 51 PageID #: 45

29.     That Defendant/Third-Party Plaintiff has been and continues to be damaged by the failure of Third-Party Defendant to procure and maintain the required insurance which names Defendant/Third-Party Plaintiff as an additional insured.

30.     That Third-Party Defendant breached the insurance procurement sections of the Agreement.

31.     That by reason of the foregoing, Defendant/Third-Party Plaintiff is entitled to entry of judgment against Third-Party Defendant for damages that have been incurred and will be incurred as a result of Third-Party Defendant's breach of contract, including, but not limited to, the amount of any settlement or judgment by or against Defendant/Third-Party Plaintiff with respect to the first-party action and the amount of legal fees and costs incurred and to be incurred by or on behalf of third-party plaintiff in their defense of the first-party action.

**WHEREFORE**, Defendant/Third-Party Plaintiff, HANSEATIC MOVING SERVICES, LLC demand judgment dismissing the Plaintiffs' Complaint, together with the costs and disbursements of this action, and judgment over and against the Third-Party Defendant for the amount of any verdict or judgment which may be recovered by the Plaintiffs against Defendant/Third-Party Plaintiff, together with the costs, disbursements, attorneys fees, and all other expenses incurred by the Defendant/Third-Party Plaintiff, in defending this action.

Dated: New York, New York
         January 29, 2021

                          Yours etc.,

                          GALLO VITUCCI KLAR LLP

                          _____
                          By:    Bryan T. Schwartz, Esq.
                          *Attorneys for Defendant/Third-Party Plaintiff*
                          *Hanseatic Moving Services, LLC*
                          90 Broad Street, 12th Floor
                          New York, New York 10004
                          (212) 683-7100
                          File No.: PIC.2020008
                          Email: bschwartz@gvlaw.com

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 37 of 51 PageID #: 46

TO:

HACH & ROSE, LLP
*Attorneys for Plaintiffs*
*Sarah Tibes and Raoul Tibes*
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 779-0057

**VIA SERVICE**
AG Moving Services, LLC
*Third Party Defendant*
54 Wedgedale Drive
Sterling, VA 20164

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK            )
                             )    ss.:
COUNTY OF NEW YORK           )

The undersigned affirms the following statement to be true under penalties of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That he is a member with the firm of GALLO VITUCCI KLAR LLP, attorneys for Defendant/Third-Party Plaintiff, HANSEATIC MOVING SERVICES, LLC.

That he has read the foregoing instrument and knows the contents thereof, and, that the same is true to the knowledge of the undersigned, except as to those matters therein alleged on information and belief, and that as to those matters he believes them to be true.

That the reason why this Verification is made by the undersigned and not by the Defendant/Third-Party Plaintiff are that said party's office is outside the county in which the undersigned maintains his office.

That the source of the undersigned's information and the grounds of his belief as to all matters therein alleged upon information and belief is reports from and communications had with said parties.

Dated: New York, New York
       January 29, 2021

_____
       BRYAN T. SCHWARTZ

Case 1:21-cv-03293-RPK-TAM  Document 1-2  Filed 06/11/21  Page 39 of 51 PageID #: 48

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                    INDEX NO.: 518914/2020

_____

SARAH TIBES and RAOUL TIBES,

                        Plaintiffs,

            - against -

HANSEATIC MOVING SERVICES, LLC,

                        Defendant.

_____

HANSEATIC MOVING SERVICES, LLC

                        Third Party Plaintiff,

            - against -

AG MOVING SERVICES, LLC,

                        Third Party Defendant.

_____

**STATEMENT PURSUANT TO RULE 3402(B) OF THE CPLR
THIRD-PARTY SUMMONS AND VERIFIED THIRD-PARTY COMPLAINT**

_____


GALLO VITUCCI KLAR LLP
*Attorneys for Defendant/Third-Party Plaintiff*
*Hanseatic Moving Services, LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
File No.: PIC.2020008
Email: bschwartz@gvlaw.com

*EXHIBIT "E"*

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 41 of 51 PageID #: 50

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
SARAH TIBES and RAOUL TIBES,                                Index No. 518914/2020

                                      Plaintiffs,           **VERIFIED ANSWER
                                                            TO VERIFIED
                                                            THIRD-PARTY
          - against –                                       COMPLAINT AND
                                                            COUNTERCLAIM**
HANSEATIC MOVING SERVICES, LLC,

                                      Defendant.
-----------------------------------------------------------------------X
HANSEATIC MOVING SERVICES, LLC,

                          Third-Party Plaintiff,

                -against-

AG MOVING SERVICES, LLC,

                          Third-Party Defendant.
-----------------------------------------------------------------------X

          Third-Party Defendant, **AG MOVING SERVICES, LLC**, by its attorneys, MORRISON

LAW FIRM, P.C., answering the Verified Third-Party Complaint of HANSEATIC MOVING

SERVICES, LLC ("HANSEATIC"), at all times hereinafter mentioned, upon information and

belief, states:

          FIRST:          Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs "1", "2", "7", "12", "24", "25" and "26" of the

Verified Third-Party Complaint.

          SECOND:         Admits the allegations contained in paragraphs "3" and "4", of the

Verified Third-Party Complaint.

          THIRD:          Paragraph "5" refers to allegations set forth in the Verified Complaint of

plaintiffs Sarah Tibes and Raoul Tibes ("plaintiffs"). That document speaks for itself; AG

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 42 of 51 PageID #: 51

MOVING SERVICES, LLC denies the allegations to the extent they are inconsistent with plaintiffs' Verified Complaint.

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Verified Third-Party Complaint; but admits that AG MOVING SERVICES, LLC is a Virginia-based limited liability company.

FIFTH: Denies each and every allegation contained in paragraphs "8", "9" and "10" of the Verified Third-Party Complaint, as these paragraphs set forth legal conclusions to which no response is required.

SIXTH: Denies each and every allegation contained in paragraphs "13", "14", "15", "17", "18", "19", "20", "21", "22", "27", "28", "29", "30" and "31" of the Verified Third-Party Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SEVENTH: If the injuries and damages were sustained by plaintiffs at the time and place and in the manner alleged in the Verified Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of plaintiffs, and if any damages are recoverable against Third-Party Defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EIGHTH: Any and all risks, hazards, defects and damages alleged are of an open, obvious and apparent nature and inherent and known or should have been known to plaintiffs herein, and plaintiffs willingly and voluntarily assumed all such risks, hazards, defects and dangers. If it is determined that plaintiffs assumed the risk, Third-Party Defendant pleads said

- 2 -

INDEX NO. 518914/2020

RECEIVED NYSCEF: 04/09/2021

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 43 of 51 PageID #: 52

facts in diminution of damages in the proportion which the culpable conduct attributable to plaintiffs bear to the culpable conduct which caused damages and/or as a complete bar to plaintiffs' claim(s).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

NINTH:      That in the event of any judgment or verdict on behalf of plaintiffs, Third-Party Defendant is entitled to a set-off or verdict with respect to the amounts of any payments made to plaintiffs for medical and other expenses prior thereto pursuant to CPLR § 4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TENTH:      If the injuries and damages were sustained at the time and place and in the manner alleged in the Verified Complaint and/or Verified Third-Party Complaint, such damages and injuries are attributable, in whole or in part to the culpable conduct of third parties, and if any damages are recoverable, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to third parties bears to the culpable conduct which caused the damages pursuant to CPLR § 1601.

That this action does not fall within one or more of the exceptions set forth in CPLR § 1602 and thus Third-Party Defendant is responsible only for its pro rata share of any verdict that may be rendered against it.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

ELEVENTH:  Plaintiffs are not entitled to recovery by reason of their failure to mitigate damages.

- 3 -

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWELFTH:   In the event plaintiffs recover a verdict or judgment, the verdict or judgment must exclude or be reduced by amounts which will, with reasonable certainty, pay or indemnify plaintiffs for past or future medical costs, health care, life care or other economic loss or benefit mandated by the Patient Protection and Affordable Care Act.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTEENTH:       The Verified Complaint and/or the Verified Third-Party Complaint fail to state a cause of action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FOURTEENTH:       Plaintiffs were the sole proximate cause of the claimed incident, warranting dismissal of the Verified Complaint and/or the Verified Third-Party Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTEENTH: That the within main action and the third-party action may be barred by Section 5-322.1 of the General Obligations Law of the State of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

SEVENTEENTH:       The claims and allegations asserted by Third-Party Plaintiff HANSEATIC are barred by its own culpability.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

EIGHTEENTH:       Third-Party Defendant specifically reserves its rights to assert further and/or different affirmative defenses as are appropriate, as investigation and discovery continues in this action.

- 4 -

Case 1:21-cv-03293-RPK-TAM Document 1-2 Filed 06/11/21 Page 45 of 51 PageID #: 54

**AS AND FOR A COUNTERCLAIM BY THE ANSWERING
SECOND THIRD-PARTY DEFENDANT AGAINST
THIRD-PARTY PLAINTIFF TO WHICH AN ANSWER
IS HEREBY DEMANDED PURSUANT TO CPLR SECTION 3011**

TWELFTH: That if plaintiffs were caused to sustain personal injuries and resulting damages at the time and place set forth in plaintiffs' Verified Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence, and/or breaches of duty and/or breaches of warranty and/or contract, other than of plaintiffs, then said injuries and damages arose out of the carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligations and/or contract, and/or warrant and/or statute, in fact or implied in law, on the part of Third-Party Plaintiff HANSEATIC. If so, Third-Party Defendant seeks indemnification and/or to be held or saved harmless from liability and/or responsibility from Third-Party Plaintiff HANSEATIC, in fact and/or implied in law, without any breaches or negligence of Third-Party Defendant contributing thereto; and if Third-Party Defendant is found liable for the injuries and damages as set forth in plaintiffs' Verified Complaint then, in that event, the relative responsibility of Third-Party Plaintiff HANSEATIC, in fairness, be apportioned by a separate determination, in view of the existing factual disparity, and Third-Party Plaintiff HANSEATIC will be liable over to Third-Party Defendant and bound to fully indemnify and/or to contribute its proportionate share/degree of responsibility, and hold Third-Party Defendant harmless for the full amount of any verdict or judgment that plaintiffs may recover against Third-Party Defendant in this action, including all costs of investigation, disbursements, expenses and attorneys' fees incurred in the defense of this action and in the conduct of this Counterclaim.

- 5 -

Case 1:21-cv-03293-RPK-TAM    Document 1-2    Filed 06/11/21    Page 46 of 51 PageID #: 55

**WHEREFORE**, the Third-Party Defendant, AG MOVING SERVICES, LLC, demands

Judgment:

(a)    Dismissing the Verified Complaint of plaintiffs;

(b)    Dismissing the Third-Party Complaint;

(c)    For contribution or indemnification against Third-Party Plaintiff HANSEATIC;

(d)    For costs and disbursements against adverse parties; and

(b)    For such other and further relief that this Court may deem just and proper.

Dated: White Plains, New York
      April 9, 2021

          /s/ Daniel W. Morrison
          Daniel W. Morrison, Esq.
          Anna M. Piazza, Esq.
          MORRISON LAW FIRM, P.C.
          *Attorneys for Third-Party Defendant*
          AG MOVING SERVICES, LLC
          445 Hamilton Avenue, Suite 402
          White Plains, New York 10601
          914-239-3650

TO:

Bryan T. Schwartz, Esq.
GALLO VITUCCI KLAR LLP
*Attorneys for Defendant/Third-Party Plaintiff*
HANSEATIC MOVING SERVICES, LLC
90 Broad Street, 12th Floor
New York, New York 10004
212-683-7100
Your File No: PIC.2020008

Natasha Berg, Esq.
HACH & ROSE, LLP
*Attorneys for Plaintiffs*
SARAH TIBES and RAOUL TIBES
112 Madison Avenue, 10th Floor
New York, New York 10016
212-779-0057

- 6 -

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 47 of 51 PageID #: 56

INDEX NO. 518914/2020
RECEIVED NYSCEF: 04/09/2021

## **VERIFICATION**

STATE OF NEW YORK          )
                          ) ss.:
COUNTY OF WESTCHESTER     )

     Daniel W. Morrison, an attorney at law duly admitted to practice law in the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

     I am a member of the firm of Morrison Law Firm, P.C., attorneys for third-party defendant AG MOVING SERVICES, LLC for the within matter.  I have read the annexed Verified Answer to the Verified Third-Party Complaint and Counterclaim, know the contents thereof, and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.  My belief, as to those matters not stated upon knowledge, is based upon material contained in my file.

     The reason I make this Verification is that my client is not located within the County where I maintain my office.

                           /s/ Daniel W. Morrison
                           Daniel W. Morrison

- 7 -

Case 1:21-cv-03293-RPK-TAM   Document 1-2   Filed 06/11/21   Page 48 of 51 PageID #: 57

## AFFIDAVIT OF SERVICE VIA ELECTRONIC DELIVERY

STATE OF NEW YORK    )
                           )ss.:
COUNTY OF WESTCHESTER  )

ANNA M. PIAZZA, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at Chappaqua, New York.

That on the 9th day of April, 2021, deponent served the within VERIFIED ANSWER TO VERIFIED THIRD-PARTY COMPLAINT AND COUNTERCLAIM upon:

Bryan T. Schwartz, Esq.
GALLO VITUCCI KLAR LLP
90 Broad Street, 12th Floor
New York, New York 10004

Natasha Berg, Esq.
HACH & ROSE, LLP
112 Madison Avenue, 10th Floor
New York, New York 10016

by filing a copy of the foregoing document via the Court's electronic filing system.

ANNA M. PIAZZA

Sworn to before me this
9th day of April, 2021

Notary Public

THERESA M. STRAWBRIDGE
Notary Public, State of New York
No. 01ST6130893
Qualified in Westchester County
Commission Expires July 25, 2021

- 8 -

8 of 8

*EXHIBIT "F"*

**Claudette Fraser**

| | |
|---|---|
| **From:** | Christopher Cellante <cc@hachroselaw.com> |
| **Sent:** | Wednesday, June 09, 2021 10:55 AM |
| **To:** | Krystina Maola |
| **Cc:** | Bryan Schwartz |
| **Subject:** | RE: Tibes |

Brian, as discussed by phone today, the demand is 1 Million

**From:** Krystina Maola <kmaola@gvlaw.com>
**Sent:** Monday, June 7, 2021 11:03 AM
**To:** Christopher Cellante <cc@hachroselaw.com>
**Cc:** Bryan Schwartz <bschwartz@gvlaw.com>
**Subject:** RE: Tibes

Good morning Chris,

I am following up regarding a response to our demand for damages.  Please advise when we can expect a response.   This is our third good faith attempt to resolve this issue before seeking court intervention.

Thank you,
Krystina Maola

**From:** Bryan Schwartz <bschwartz@gvlaw.com>
**Sent:** Tuesday, May 18, 2021 9:20 AM
**To:** Christopher Cellante <cc@hachroselaw.com>
**Cc:** Krystina Maola <kmaola@gvlaw.com>
**Subject:** RE: Tibes

Chris,
Do you have a response to our demand for damages?

I really don't want to have to file a motion on this issue, but please accept this as our <u>second</u> good faith attempt to resolve this before we proceed to motion practice.

Thanks

Bryan


**Bryan T. Schwartz**
**Partner**
**Gallo Vitucci Klar LLP**
90 Broad Street, Suite 1202
New York, New York 10004
Phone: 212-683-7100 I Direct: 646-998-1962
Fax: 212-683-5555
Cell: 646-431-3113
bschwartz@gvlaw.com I www.gvlaw.com

This document and all future documents until further notice will be served via efile or email only to all parties  and will not be served by regular mail due to office closures/remote work and other protocols enacted to address the spread of COVID-19. Please be further advised that we request all documents be served via email to the handling attorney and not via regular mail to our offices as well. Should you have issues please reach out to the undersigned via email.

---

**From:** Christopher Cellante <cc@hachroselaw.com>
**Sent:** Thursday, May 13, 2021 10:56 AM
**To:** Bryan Schwartz <bschwartz@gvlaw.com>
**Subject:** Tibes

Bryan, here is my contact info.

Christopher Cellante
Attorney
Hach & Rose, LLP
112 Madison Avenue, 10th Floor
Tel. 212.779.0057
Fax. 212.779.0028
Direct. 646.593.8067
Email:   cc@hachroselaw.com
Website: http://www.unionlawfirm.com/