UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
SARAH TIBES and RAOUL TIBES,

            Plaintiffs,

    -against-                                **REPORT AND RECOMMENDATION**

HANSEATIC MOVING SERVICES, LLC,        21-CV-3293 (RPK) (TAM)
and AG MOVING SERVICES, LLC,            (Not for Publication)

            Defendants.
-----------------------------------------------------------X
HANSEATIC MOVING SERVICES, LLC,

            Third-Party Plaintiff,

    -against-

AG MOVING SERVICES, LLC,

            Third-Party Defendant.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

On October 5, 2020, Plaintiffs Sarah Tibes and Raoul Tibes ("Mr. Tibes") (collectively referred to as "Plaintiffs") filed a complaint in New York State Supreme Court to recover damages for injuries Sarah Tibes suffered on or about October 31, 2017, from a slip and fall due to allegedly defective or unsecured cardboard placed on the floor by Defendant Hanseatic Moving Services, LLC ("Hanseatic") and Third-Party Defendant AG Moving Services, LLC ("AG"). (*See* State Court Complaint ("Compl."), ECF No. 1-2 & ECF No. 19-3, ¶¶ 14–20; Pls.' Mem. in Support ("Pls.' Mem."), ECF No. 19-1, at 4.) After impleading Third-Party Defendant AG on January 29, 2021, Defendant Hanseatic removed the case to federal court on June 11, 2021. (Notice of Removal, ECF No. 1; Third-Party Summons and Complaint, ECF No. 19-6.) For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that Plaintiff Raoul Tibes's

claims be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

As noted above, this action was commenced in state court on October 5, 2020, and removed to federal court on June 11, 2021. (*See* Compl., ECF No. 1-2; Notice of Removal, ECF No. 1.) On October 4, 2021, the Court held an initial conference. (Oct. 4, 2021 ECF Minute Entry and Order.) The Court adopted the parties' proposed discovery schedule and set a deadline of February 18, 2022, to join new parties or amend the pleadings. (*Id.*) Plaintiffs filed a motion to amend on February 18, 2022, and the Court granted the motion after reviewing Plaintiffs' and AG's motion papers. (*See* Pls.' Mot. to Amend, ECF No. 19; Pls.' Reply in Support, ECF No. 20; AG Resp., ECF No. 21; Order on Mot. to Amend, ECF No. 23.) Plaintiffs filed an amended complaint on May 4, 2022, and Defendant AG Moving Services, LLC filed its answer to the amended complaint on May 25, 2022. (Amended Complaint, ECF No. 24; Answer to Amended Complaint, ECF No. 27.)

On May 4, 2022, Plaintiffs' counsel filed a letter requesting that they "be relieved as counsel for . . . Plaintiff R[aoul] T[ibes] in this case." (Pls.' Counsel's Letter, ECF No. 25.) Plaintiffs' counsel requested a conference "and/or the opportunity to submit a confidential attorney affirmation for in-camera inspection regarding the basis for the instant request, as well as a stay of sixty (60) days to allow Mr. Tibes to seek new counsel." (*Id.* (emphasis omitted).) In response to Plaintiffs' counsel's letter, the Court held a status conference on May 10, 2022. (*See* May 5, 2022 ECF Scheduling Order; May 10, 2022 ECF Minute Entry and Order.)

---

[1] The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant report and recommendation.

2

During the May 10 status conference, at which Plaintiff Raoul Tibes was not present, the Court held discussion regarding Plaintiffs' counsel's letter to the Court. (May 10, 2022 ECF Minute Entry and Order.) The Court also briefly conferred with Plaintiffs' counsel *ex parte* "as to the nature of the underlying conflict." (*Id.*) The Court set a motion hearing for June 2, 2022, and directed that "Plaintiff Raoul Tibes or his new counsel must be present for the hearing." (*Id.*) The Court directed Plaintiffs' counsel to "file and serve their motion to withdraw on Plaintiff Raoul Tibes, as required by E.D.N.Y. Local Civil Rule 1.4, using all reasonably available means given Plaintiffs' residence in Europe, and to file an affidavit of service, all by 5/24/2022." (*Id.*) The Court also directed Plaintiffs' counsel "to serve this Order on Plaintiff Raoul Tibes using all reasonably available means and to instruct him that he or new counsel must appear at the hearing on 6/2/2022, and to file proof of service, also by 5/24/2022." (*Id.*) Finally, in anticipation of Plaintiffs' counsel's motion to withdraw, the Court stayed all discovery deadlines *sine die*. (*Id.*)

Plaintiffs' counsel filed their motion to withdraw on May 23, 2022. (Mot. to Withdraw, ECF No. 26.) On May 25, 2022, Plaintiffs' counsel filed a letter showing proof of service of Plaintiffs' counsel's motion to withdraw and the May 10, 2022 Minute Entry and Order on Plaintiff Raoul Tibes via email. (Pls.' Counsel's Proof of Service, ECF No. 28.) Plaintiffs' counsel represented that their "office has engaged a process server in Berlin, Germany, the place of residence of Mr. Tibes" and that Plaintiffs' counsel were "awaiting confirmation of formal service of [their] motion to withdraw as counsel upon Mr. Tibes pursuant to the Ha[gue] Convention." (*Id.*) Plaintiffs' counsel also represented that they would "immediately file an affidavit of service upon receipt" of confirmation of formal service. (*Id.*)

On June 2, 2022, the Court held a motion hearing, at which Plaintiff Raoul Tibes did appear. (*See* June 2, 2022 ECF Minute Entry and Order.) Discussion was held regarding Plaintiffs' counsel's motion to withdraw, which the Court granted. (*Id.*) The Court found that for the reasons stated on the record during the motion hearing and during the May 10, 2022 status conference, "Plaintiffs' counsel has demonstrated satisfactory reasons under Local Civil Rule 1.4 for withdrawal as to Plaintiff Raoul Tibes, which outweigh any potential impact the withdrawal will have on the timing of the proceedings in this case." (*Id.* (citing May 10, 2022 ECF Minute Entry and Order).) The Court informed Mr. Tibes that:

> If Mr. Tibes does not locate new counsel, he must appear in the case *pro se* if he wants the case to continue, and he must provide his address and contact information to the E.D.N.Y. *pro se* office by letter. If Plaintiff mails his letter to the Court, the envelope should be addressed to the attention of the *pro se* office.

(*Id.*) The Court scheduled a status conference for July 14, 2022, and informed Mr. Tibes that if he should hire new counsel, "counsel is directed to file a notice of appearance no later than 7/14/2022." (*Id.*) The Court also informed Mr. Tibes as follows: "Should Mr. Tibes not hire new counsel by 7/14/2022, he must appear on 7/14/2022 to inform the [Court] as to whether he is (1) appearing in the case *pro se* or (2) agreeing to the dismissal of his claims, on consent of Defendants." (*Id.*) In the event Mr. Tibes hired new counsel, the Court noted that counsel "may appear on Mr. Tibes's behalf at the 7/14/2022 status conference." (*Id.*) The Court directed Plaintiff's counsel to serve the Minute Entry and Order on Mr. Tibes via email. (*Id.*)

On July 14, 2022, the Court held a status conference and Mr. Tibes appeared *pro se*. (July 14, 2022 ECF Minute Entry and Order.) At the conference, "Plaintiff Raoul Tibes represented that he has not hired new counsel, that he would like to withdraw his claims from the case, and that he does not intend to proceed *pro se*." (*Id.*) The Court

4

directed the parties "to file a Stipulation of Dismissal as to Plaintiff Raoul Tibes's claims by 8/4/2022," if possible. (*Id.*) The Court also noted that "[i]f no stipulation is filed, and Plaintiff Raoul Tibes wants his claims to continue, he is directed to appear in the case *pro se* by providing his address and contact information to the E.D.N.Y. Pro Se Office by letter, which must be filed by 8/4/2022." (*Id.*) The Court also cautioned Mr. Tibes during the conference and in the Court's Minute Entry and Order following the proceeding that "[u]nless the parties file a Stipulation of Dismissal or Plaintiff Raoul Tibes appears in the case *pro se* by 8/4/2022, this Court will recommend that **Plaintiff Raoul Tibes's claims be dismissed without prejudice for failure to prosecute.**" (*Id.* (emphasis in original) (citing Fed. R. Civ. P. 41(b)).) The Court directed Plaintiff's counsel to serve the Minute Entry and Order on Mr. Tibes via email. (*Id.*) The Court also directed the parties to file a joint status report by July 22, 2022, with a proposed revised discovery schedule and proposed next steps in the case. (*Id.*)

The parties filed a joint letter with their proposed revised discovery schedule on July 27, 2022. (Joint Letter, ECF No. 31.) In response, the Court set a revised discovery schedule on July 28, 2022. (July 28, 2022 ECF Order.) The parties did not file a stipulation of dismissal as to Plaintiff Raoul Tibes's claims by August 4, 2022, and still have not. Plaintiff Raoul Tibes did not locate new counsel or file an appearance *pro se* by August 4, 2022, and still has not.

For the reasons below, the Court respectfully recommends that Plaintiff Raoul Tibes's claims be dismissed from this action due to his failure to prosecute under Federal Rule of Civil Procedure 41(b).

5

## DISCUSSION

### I. Legal Standards

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss a case for failure to prosecute *sua sponte*. *O'Rourke v. Nirvana*, 19-CV-4711 (PAE) (GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020), *report and recommendation adopted*, No. 19-CV-4711 (PAE) (GWG), 2020 WL 2133174 (S.D.N.Y. May 5, 2020). As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered "'an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Second Circuit has cautioned, however, that dismissal for lack of prosecution is a "'harsh remedy'" and only appropriate in "'extreme situations.'" *Id.* at 575–76 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

When determining whether dismissal for failure to prosecute is warranted, courts must consider five factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* at 576 (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has explained that no single factor is dispositive, and therefore,

courts must review all of the factors in determining whether to dismiss for failure to prosecute. *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug. 5, 2021) (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011); *Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009)), *report and recommendation adopted*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021). The circuit has also observed that when a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam).

## II. Analysis

Here, the Court finds that all five of the relevant factors weigh in favor of dismissing Plaintiff Raoul Tibes's claims against Defendants. First, the Court notes that Plaintiffs' counsel have represented since May 4, 2022, that they would like to be relieved as counsel for Plaintiff Raoul Tibes, leading to counsel's filing a motion to withdraw on May 23, 2022. (*See* Pls.' Counsel's Letter, ECF No. 25; Mot. to Withdraw, ECF No. 26.) As set forth above, Mr. Tibes told the Court on July 14, 2022, around two months after Plaintiff's counsel's filing of their motion to withdraw, "that he has not hired new counsel, that he would like to withdraw his claims from the case, and that he does not intend to proceed *pro se*." (July 14, 2022 ECF Minute Entry and Order.) Because of Plaintiffs' counsel's motion to withdraw, the case was essentially stayed from May 10, 2022, until July 28, 2022. (*See* May 10, 2022 ECF Minute Entry and Order; July 28, 2022 ECF Order.) Waiting for Mr. Tibes to appear *pro se* or to have counsel file a notice of appearance after he represented that he wanted to withdraw his claims and did not intend to proceed *pro se* would only stall the case indefinitely.

Second, the Court is satisfied that Plaintiff Raoul Tibes has received proper notice about the possibility of dismissal and that further attempts to warn him would be futile. (*See, e.g.*, July 14, 2022 ECF Minute Entry and Order.) *See also Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013). As discussed above, during the June 2, 2022 motion hearing, the Court informed Mr. Tibes that "[i]f Mr. Tibes does not locate new counsel, he must appear in the case *pro se* if he wants the case to continue." (June 2, 2022 ECF Minute Entry and Order.) The Court also told Mr. Tibes to be prepared to address during the July 14, 2022 status conference whether he was appearing in the case *pro se* or agreeing to the dismissal of his claims, on consent of Defendants. (*Id.*)

On July 14, 2022, after Mr. Tibes represented that he had not hired new counsel, the Court warned Mr. Tibes that unless the parties filed a stipulation of dismissal as to his claims or Mr. Tibes appeared *pro se* by August 4, 2022, the Court would recommend that "**Plaintiff Raoul Tibes's claims be dismissed without prejudice for failure to prosecute.**" (July 14, 2022 ECF Minute Entry and Order (emphasis in original) (citing Fed. R. Civ. P. 41(b)).)

As noted above, the parties did not file a stipulation of dismissal as to Plaintiff Raoul Tibes's claims by August 4, 2022, and still have not. Plaintiff Raoul Tibes did not locate new counsel or file an appearance *pro se* by August 4, 2022, and still has not. The Court finds that Defendants would be prejudiced by further delay in this litigation given that the case was already essentially stayed from May 10, 2022, until July 28, 2022. (*See* May 10, 2022 ECF Minute Entry and Order; July 28, 2022 ECF Order.)

In addition to Mr. Tibes's refusal to file an appearance or to have counsel file an appearance, the notice he received regarding the consequences of his refusal to file appearance, and the prejudice Defendants would face if the case were further delayed by Mr. Tibes's refusal to participate, the Court also concludes that the fourth and fifth

8

factors under Rule 41(b) weigh in favor of dismissal. Mr. Tibes has not only "shown little interest in prosecuting this case," he has affirmatively indicated that he does not intend to participate. *Caussade*, 293 F.R.D. at 631. (*See* July 14, 2022 ECF Minute Entry and Order.) Accordingly, the Court finds that dismissal is the only "efficacious option" and that "dismissal would seek the proper balance between expediency and the rights of the plaintiff." *Vidales*, 2021 WL 3742765, at *4.

## CONCLUSION

For the reasons discussed above, the Court respectfully recommends that Plaintiff Raoul Tibes's claims be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to his failure to prosecute. *See* Fed. R. Civ. P. 41(b) (providing for dismissal as to the action for a plaintiff's failure to prosecute).

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[] [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
      September 26, 2022

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

9